**ESTEE LAUDER INTERNATIONAL, INC., and Commercial Union Insurance Company, Plaintiffs,**

v.

**WORLD WIDE MARINE SERVICE, INC., and Travelers Indemnity Company, Defendants.**

No. 87 Civ. 7498 (RWS).

United States District Court, S.D. New York.

May 4, 1990.

Waesche, Sheinbaum & O'Regan, P.C., New York City, for plaintiffs; Nicholas P. Giuliano, of counsel.

Harold M. Kingsley, New York City, for defendant Travelers Indem. Co.

Carl N. Mione, P.C., Brooklyn, N.Y., for defendant World Wide Marine Services, Inc.

## OPINION

SWEET, District Judge.

Plaintiffs, Estee Lauder International, Inc. and Commercial Union Insurance Companies, ("Lauder") have moved pursuant to Rule 56 for summary judgment against defendant, Travelers ("Travelers"), in the amount of $52,264.80 on a disputed special marine policy allegedly issued by World Wide Marine Service, Inc. ("World Wide") on the a Travelers' form. For the reasons set forth, below this motion is denied and a hearing shall be conducted immediately to establish whether the marine policy was issued.

*Prior Proceedings*

This is Lauder's third motion for summary judgment. The first one was made on July 15, 1988, and judgment was awarded to Lauder against defendant World Wide in the amount of $147,366.68. Lauder made the second motion on April 21, 1989 and

sought judgment against Travelers in the amount of $52,264.80 on the alleged special marine policy. By decision dated October 12, 1989, the Court denied summary judgment against Travelers because of a factual dispute over whether the special marine policy was ever issued. Additional discovery was permitted and the court indicated a hearing would be held thereafter. Lauder, after additional discovery, instead decided to submit this third motion for summary judgment.

The facts of this case are outlined in detail in the October 12, 1989 opinion. The additional discovery revealed that the original special marine policy cannot be found. Neither Lauder nor Travelers have the policy. Simon & Paston, Travelers' insurance agent does not have it. World Wide is the only company that might have the original, but all efforts to locate any of the former employees or documents of that defunct entity have proved futile.

*Summary Judgment*

To grant summary judgment the court must determine that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The court's responsibility is not to resolve disputed issue of fact, *Donahue v. Windsor Lock Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987), but to determine whether there are any factual issues to be tried, while resolving ambiguities and drawing inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970)). Furthermore, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Whether the Policy was Issued is still in Dispute*

On page five of the October 1989 opinion, the court found that whether World Wide issued the Special policy was a factual issue in dispute. Although Lauder has conducted extensive discovery, the original or a signed copy cannot be found. Lauder has tried to use secondary evidence to establish that World Wide indeed issued the policy. Included among the evidence proffered are a letter and Notice to Admit response issued by World Wide, evidence of the process used by Travelers to obtain documents to assess the validity of the claim, deposition testimony about the importance or unimportance of obtaining an original or signed version of the policy, and a March 27 letter from Travelers in which Travelers stated "[i]t would appear Special Marine Policy ... was erroneously issued...."

Whether or not the World Wide letters is admissable under a hearsay exception is immaterial to this motion because, as the Burres affidavit establishes, there still exists a factual dispute as to whether the policy ever was issued. Travelers continues to deny the existence of the policy and Burres' affidavit attempts to explain the March 27th letter and the deposition testimony which could establish that the policy was issued and that Travelers operated under the belief that it had been issued, even if erroneously issued. Consequently, the evidence Lauder submits on this motion does not remove the existence of a material fact in dispute but may prove persuasive on a hearing to determine whether World Wide issued the policy.

Accordingly, the summary judgment motion is denied. The action will be added to the ready trial calendar.

Submit order on notice.

It is so ordered.